UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH F. LUCAS,**

    **Plaintiff,**

                      **Case No. 2:21-cv-489**
  **v.**                    **Judge Sarah D. Morrison**
                        **Magistrate Judge Elizabeth P. Deavers**

**STEVE MNUCHIN,**

    **Defendant.**

## **REPORT AND RECOMMENDATION**

Plaintiff Joseph F. Lucas, an Ohio resident proceeding without the assistance of counsel, brings this action against Defendant Steve Mnuchin. This matter is before the Undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, ECF No. 1-1, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

1

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

---

[1] Formerly 28 U.S.C. § 1915(d).

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Plaintiff, proceeding without the assistance of counsel, alleges that Defendant Mnuchin, then acting as the Secretary of the United States Department of the Treasury, "deprived Plaintiff of [an economic impact payment] by diverting the payment to the county childrens services

agency in violation of a federal mandate and in violation of Ohio Revised Code 2329.66 and in violation of the U.S. Constitution's Eighth Amendment prohibition against cruel and unusual punishment."  (ECF No. 1-1 at PAGEID # 16.)  Plaintiff seeks reimbursement of the subject $1,200 economic impact payment, punitive damages in the amount of $50 per day since the payment was diverted, and the costs of litigation.  (*Id.* at PAGEID # 17.)

Even giving Plaintiff every benefit of the doubt, this case cannot proceed.  Unless the United States waives its sovereign immunity, a plaintiff cannot bring suit against it for monetary damages.  *United States v. Testan*, 424 U.S. 392, 399–400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) ("[E]ntitlement to money damages depends upon 'whether any federal statute can 'fairly be interpreted as mandating compensation by the Federal Government for the [alleged] damage sustained.'") (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).  Waivers of sovereign immunity must be expressed unequivocally and are "strictly construed" in favor of the government.  *See United States v. Idaho*, 508 U.S. 1, 7, 113 S.Ct. 1893, 123 L.Ed.2d 563 (1993); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980).  Without a waiver of sovereign immunity, an action against the United States must be dismissed.  *Dunlap v. Lew*, No. 2:15-CV-2675, 2016 WL 2926310, at *3 (S.D. Ohio May 19, 2016), *aff'd*, No. 16-3658, 2017 WL 9496075 (6th Cir. June 2, 2017).

Sovereign immunity extends to agents and officers of the United States, including Defendant Mnuchin, to the extent they are sued in their official capacities.  *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 333 (6th Cir. 2009) (quoting *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007).  Plaintiff therefore must reference some statute waiving sovereign immunity for the type of lawsuit which he now brings.  *Penson*

*v. Mnuchin*, No. 4:20-CV-0376, 2020 WL 4432935, at *2 (N.D. Ohio July 31, 2020) (dismissing action against Defendant Mnuchin for lack of subject matter jurisdiction on the basis of sovereign immunity). Plaintiff has not pointed to any such statute, however. Accordingly, his claim against Defendant Mnuchin must be dismissed. *Id.*

For these reasons, it is **RECOMMENDED** that Plaintiff's claims against Defendant Mnuchin be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


**DATED:  April 12, 2021**

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**