# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOSEPH F. LUCAS,**

    **Plaintiff,**

v.

**STEVE MNUCHIN,**

    **Defendant.**

:
:
:

Case No. 2:21-cv-489
**Judge Sarah D. Morrison**
**Chief Magistrate Judge Elizabeth P. Deavers**

## ORDER

This matter is before the Court on the April 12, 2021 Report and Recommendation issued by the Magistrate Judge. (ECF No. 4.) After performing an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge recommended that the Court dismiss Plaintiff Joseph Lucas's Complaint in its entirety for failure to state a claim upon which relief may be granted. (*Id.*) Mr. Lucas timely filed an objection to the Report and Recommendation.[1] (ECF No. 6.) For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 6) and **DISMISSES** the Complaint (ECF No. 3).

---

[1] Objections to the Report and Recommendation were due on April 26, 2021. Mr. Lucas's objection was not received until April 30, 2021. (ECF No. 6.) However, it was accompanied by a notarized affidavit confirming that the objection was delivered to prison authorities for mailing on April 26, 2021. (ECF No. 5.) Accordingly, under the prison mailbox rule, the objection was timely filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner-civil litigant's filing is considered "filed at the time [the ligitant] deliver[s] it to the prison authorities for forwarding to the court clerk").

## I. BACKGROUND

Mr. Lucas is an Ohio state inmate proceeding without assistance of counsel. (ECF No. 1.) He commenced this action on February 2, 2021 against the Defendant, the former Treasury Secretary Steve Mnuchin. (*Id.*) Mr. Lucas alleges that the Treasury Department, under Secretary Mnuchin, improperly diverted his economic impact payment to pay his child support debts. (ECF No. 3.) He seeks compensatory and punitive damages. (*Id.*)

The Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss Mr. Lucas's Complaint for failure to state a claim. (ECF No. 4.) Mr. Lucas objects. (ECF No. 6.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Magistrate Judge performed an initial screen of Mr. Lucas's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF No. 4.) Upon review, the Magistrate Judge recommended that Mr. Lucas's Complaint be dismissed for failure to state a claim upon which relief may be granted. (*Id.*) The Magistrate Judge reasoned:

2

> Sovereign immunity extends to agents and officers of the United States, including Defendant Mnuchin, to the extent they are sued in their official capacities. *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 333 (6th Cir. 2009) (quoting *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). Plaintiff therefore must reference some statute waiving sovereign immunity for the type of lawsuit which he now brings. *Penson v. Mnuchin*, No. 4:20-CV-0376, 2020 WL 4432935, at *2 (N.D. Ohio July 31, 2020) (dismissing action against Defendant Mnuchin for lack of subject matter jurisdiction on the basis of sovereign immunity). Plaintiff has not pointed to any such statute, however. Accordingly, his claim against Defendant Mnuchin must be dismissed. *Id.*

(*Id.*, 4–5.)

Mr. Lucas objects to the Magistrate Judge's Report and Recommendation, arguing that his is a *Bivens*[2] claim, which requires no showing of a statutory waiver of sovereign immunity. (ECF No. 6.)

The Court finds no error in the Magistrate Judge's reasoning. As to Mr. Lucas's objection, "[a] *Bivens* action can be brought against individual officers acting under color of federal law alleged to have acted unconstitutionally. It, however, does not support an action against the United States government, its agencies, or any of its officers sued in their official capacities." *Penson*, 2020 WL 4432935, at *2 (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001); *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994)) (footnote omitted). Mr. Lucas's Complaint clearly attempts to assert claims against Mr. Mnuchin in his official capacity. (ECF No. 3, 5) (". . . I received a notice from the IRS/U.S. Dep't of Treasury, of which the Defendant is the policymaker. . ."). Accordingly, it cannot proceed.

---

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3

## IV. CONCLUSION

Mr. Lucas's Objection (ECF No. 6) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 4). Mr. Lucas's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**